In the Matter of the Judicial Settlement of the Account of MARGARET H. DE FOREST, as Administratrix of CHARLES T. DE FOREST, Deceased.

MARGARET H. DE FOREST, Appellant; AMERICAN SURETY COMPANY, Respondent.

*Surrogate's Court — judicial settlement of an administrator's account — the citation should issue to all creditors.*

Where an executor or administrator seeks a judicial settlement of his account under section 2728 of the Code of Civil Procedure, it is the better practice to serve the citation upon all the persons interested in the estate of the decedent, including creditors who have been paid in full and who have receipted for the payment.

*Semble*, that as this section enables a creditor or a person interested in the estate, although not cited, to appear and make himself a party to the proceeding, the failure to cite the creditor or person interested would not oust the Surrogate's Court of jurisdiction.

MOTION for a reargument upon an appeal by the petitioner, Margaret H. De Forest, from an order of the Surrogate's Court of the county of New York, entered in said Surrogate's Court on the 17th day of December, 1894, directing the issuance of a supplemental citation to all the creditors of the estate of her intestate and staying the entry of a decree of the judicial settlement of her accounts as such administratrix until the service and return of such citation.

*Rastus S. Ransom*, for the motion.

*S. S. Perry*, opposed.

PER CURIAM :

The appeal in this matter was taken from an order of the Surrogate's Court directing that a supplementary citation issue to all the creditors of the estate, including those whose claims the administratrix claimed to have paid in full. Upon the argument of this appeal the order of the surrogate was affirmed, and this motion for a reargument is made upon the ground, apparently, that it has not been the customary practice to cite creditors upon an accounting whom the executor or administrator claims to have paid in full

and for which payment the executor or administrator presents alleged vouchers.

It is a familiar rule upon an accounting to cite all legatees whether vouchers for the payment of their legacies are produced or not; and it is difficult to see how there can be any distinction between the case of a legatee of a decedent and that of a creditor of a decedent. Certainly in the statute where the question of citation is spoken of, no such distinction is hinted at. Section 2728 of the Code of Civil Procedure reads as follows: "In either of the following cases an executor or administrator may present to the Surrogate's Court his account and a written petition duly verified, praying that his account may be judicially settled; and that the sureties in his official bond or the legal representatives of such surety and creditors or persons claiming to be creditors of the decedent and the decedent's husband or wife, next of kin and legatees if any, or if either of those persons has died, his executor or administrator, if any, may be cited to attend the settlement."

The right to this accounting depends upon the lapse of one year rnd the publication of a notice to creditors. The surrogate, upon the presentation of such a petition, must issue the citation accordingly. And there is a further provision that a creditor or a person interested in the estate, although not cited, is entitled to appear at the hearing and thus make himself a party to the proceeding. It would seem, therefore, that it was in contemplation of the statute that all creditors of the decedent should be cited, and if they are dead their executors or administrators, if any there be. It may well be that where a creditor has not presented his claim and has not thereby intervened in the proceeding, he may not be entitled to notice. But having intervened by the presentation of his claim, it is difficult to see upon what theory he should be ignored in the subsequent proceedings.

It does not seem to be any answer to this suggestion that the executor claims to have paid the creditor in full and presents a voucher; because the creditor, if he were allowed an opportunity to do so, might be able to establish that the voucher presented was not his and that he had not been paid.

In view of the provision that a creditor or person interested in the estate is entitled to appear on the hearing and thus make him-

self a party to the proceeding, although not cited, it may be that the failure to cite the creditor does not oust the court of jurisdiction in respect to the accounting. But it is manifest that it is the better practice, where it is possible, to cite the parties who were interested in the estate at the time of the death of the decedent, unless there is some reason shown why the ordinary course should not be pursued.

The argument that it is difficult, in many cases, to serve a citation upon all creditors whether they have been paid or not, does not seem to be entitled to a great deal of weight, because if any obstacles exist which cannot be overcome, undoubtedly service of citation may be dispensed with. The language of the statute does not seem to have made it obligatory upon the surrogate to issue such citation. But where the surrogate has directed such a citation to issue, this court should not, except in a very plain case, say that it was not a wise exercise of power. Parties, in case they desire, upon the payment of claims, to obviate the necessity of serving citations upon such creditors as they have paid, may very easily take a waiver of citation in the manner provided for by the practice in the Surrogate's Court.

There does not seem, therefore, to be any reason for a reargument, and the motion should be denied, with ten dollars costs.

Present — VAN BRUNT, P. J.,  O'BRIEN and FOLLETT, JJ.

Motion denied, with ten dollars costs.